UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| STUEVE CONSTRUCTION, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-CV-2072 |
| ) | |
| WEBER PLUMBING AND HEATING, INC., ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Several motions are currently pending before the court.

First, Defendant filed a Motion to Reconsider Parts of the December 21, 2020, Order [Dkt. 77] Denying Summary Judgment on Counts II, III, and IV of the Complaint (#78) on January 19, 2021, to which Plaintiff filed a Memorandum in Opposition (#79) on January 29, 2021.

Second, Plaintiff filed a Motion to Amend Complaint (#80) on January 29, 2021, to which Defendant filed a Response (#81) on February 12, 2021. In response to a text order by Magistrate Judge Eric I. Long entered April 14, 2021, Plaintiff filed a Supplemental Submission in Support of its Motion to Amend Complaint (#82) on April 28, 2021, to which Defendant filed a Response (#83) on May 12, 2021. Magistrate Judge Long entered a Report and Recommendation (#84) on June 9, 2021, recommending that Plaintiff's Motion to Amend Complaint and Supplemental Submission in support

1

thereof be denied. Plaintiff filed an Appeal of Magistrate Judge's Report and Recommendation (#85) on June 23, 2021. In response, Defendant filed a Memorandum of Law in Opposition to Plaintiff's Objection and Appeal (#87) on July 7, 2021.

For the following reasons, the court DENIES Defendant's Motion to Reconsider (#78), ADOPTS Magistrate Judge Long's Report and Recommendation (#84) in full, and DENIES Plaintiff's Motion to Amend Complaint (#80), Supplemental Submission (#82), and Appeal of Magistrate Judge's Report and Recommendation (#85).

## I.  MOTION TO RECONSIDER

On December 21, 2020, this Court entered an Order (#77) granting Defendant's Motion for Summary Judgment (#69) as to Count I of Plaintiff's Complaint (#1) and denying summary judgment as to Counts II, III, and IV of the Complaint. Defendant asks the court to reconsider its ruling on Counts II, III, and IV.

Specifically, Defendant asks the court to reconsider its holding that there is a genuine issue of material fact as to whether Defendant breached an implied warranty of workmanlike performance (Count II) when it did not add glycol to the in-floor heating system. Counts III and IV also survived summary judgment, to the extent they relied upon the allegations in Count II.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). Reconsideration is "inappropriate where a party seeks to raise arguments that could have been raised in

the original briefing." *Netherlands Insurance Company v. Knight,* 2014 WL 3376873, at *1 (C.D. Ill. July 10, 2014).

Defendant's Motion to Reconsider is based upon the deposition testimony of Thomas Marshino and a discussion of *Meyers v. Woods*, 871 N.E.2d 160 (Ill. App. Ct. 2007). The deposition testimony was available and cited by the parties in their original summary judgment briefings. Similarly, Plaintiff cited and discussed *Meyers v. Woods* in response to Defendant's summary judgment motion, and Defendant could have raised the present arguments in its reply prior to this court's ruling on the summary judgment motion.

Consequently, because Defendant seeks to raise arguments now that could have been raised in its original summary judgment motion and reply in support thereof, reconsideration of the court's Order (#77) denying summary judgment on Counts II, III, and IV is inappropriate. Defendant's Motion for Reconsideration (#78) is DENIED.

II. MOTION TO AMEND COMPLAINT

As indicated above, on December 21, 2020, the court granted summary judgment in favor of Defendant and against Plaintiff on Count I for breach of contract. On January 29, 2021, in response to that summary judgment order, Plaintiff moved to amend its complaint to add a new cause of action for breach of a different, modified contract. The Report and Recommendation entered by Magistrate Judge Long recommended that Plaintiff's motion to amend be denied.

A motion to amend complaint is a non-dispositive motion. See *Hall v. Norfolk Southern Railway Co.*, 469 F.3d 590, 594-95 (7th Cir. 2006). In *Hall*, the Seventh Circuit held that a magistrate judge's denial of the plaintiff's motion to amend complaint was non-dispositive, both pursuant to the magistrate judge's statute, 28 U.S.C. § 636, and because the denial of leave to amend complaint in that case "did not terminate [plaintiff's] existing lawsuit against [defendant], it merely prevented him from adding [a proposed party] as a defendant." 469 F.3d at 595. So too, here, Magistrate Judge Long's recommendation to deny Plaintiff's motion to amend complaint would not terminate Plaintiff's lawsuit, as the court has already concluded that Counts II, III, and IV survive summary judgment.

Pursuant to Federal Rule of Civil Procedure 72(a), the court should not modify or set aside a magistrate judge's ruling on a non-dispositive motion unless its factual findings are "clearly erroneous or [the order] is contrary to law."

A factual finding is clearly erroneous when, after considering the record, the reviewing court is left with "the definite and firm conviction that a mistake has been committed." *Reynolds v. Tangherlini*, 737 F.3d 1093, 1104 (7th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Here, upon review of the factual findings in the Report and Recommendation, this court finds no mistake has been committed. The factual findings rely primarily on the undisputed facts as described in this court's summary judgment order, as well as the undisputed procedural history evident from the docket. Most noteworthy, for purposes of the motion to amend complaint, the Report and Recommendation correctly

4

indicates that Plaintiff's motion to amend was filed four months after Defendant's motion for summary judgment was filed, five months after discovery had closed, and approximately nineteen months after the deadline to amend pleadings.

An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Henry v. Centeno*, 2011 WL 3796749 (N.D. Ill. Aug. 23, 2011).

Here, the court finds that the Report and Recommendation is not contrary to law. The Magistrate Judge reviewed and carefully applied relevant case law. Specifically, the Report and Recommendation discussed the requirement that Plaintiff both (1) show "good cause" for the amendment under Federal Rule of Civil Procedure 16 and (2) obtain leave of the court, which has "broad discretion to deny leave to amend where there is undue delay[.]" *Trustmark Insurance Co. v. General & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015).

The Report and Recommendation also reviewed relevant Seventh Circuit case law consistently upholding denial of leave to amend both when amendment is sought months after the deadline to amend pleadings, see *Trustmark*, 424 F.3d at 553, *Carroll v. Stryker Corp.*, 658 F.3d 675, 684 (7th Cir. 2011), *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011), and when amendment is sought even *before* the filing of a summary

judgment motion,[1] see *Thomas v. Mashak*, 743 Fed. Appx. 702, 703-04 (7th Cir. Nov. 26, 2018), *Johnson v. Cypress Hill*, 641 F.3d 867, 871-73 (7th Cir. 2011), *Feldman v. American Memorial Life Insurance Co.*, 196 F.3d 783, 793 (7th Cir. 1999).

Because the Report and Recommendation is not clearly erroneous or contrary to law, the court ADOPTS the Report and Recommendation (#84) in its entirety.

IT IS THEREFORE ORDERED:

(1)     Defendant's Motion to Reconsider (#78) is DENIED.

(2)     The Report and Recommendation (#84) by Magistrate Judge Long is ADOPTED in its entirety.  Plaintiff's Motion to Amend Complaint (#80), Supplemental Submission in Support of Motion to Amend Complaint (#82), and Appeal of Magistrate Judge's Report and Recommendation (#85) are DENIED.

(3)     This case remains set for a Final Pretrial Conference on November 1, 2021, at 1:30 PM and Jury Trial on December 7, 2021, at 9:00 AM.

ENTERED this 19th day of July, 2021.

> s/Colin Stirling Bruce
> COLIN S. BRUCE
> U.S. DISTRICT COURT

---

[1] As indicated above, here Plaintiff did not move to amend until January 29, 2021, which was *after* both the filing of Defendant's summary judgment motion on September 21, 2020, and the court's ruling on that motion on December 21, 2020.